# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLD RESERVE INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 22-mc-00453-LPS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## GOLD RESERVE INC.'S MEMORANDUM OF LAW
## IN OPPOSITION TO PETRÓLEOS DE VENEZUELA'S
## <u>MOTION TO STAY BRIEFING ON PLAINTIFF'S ATTACHMENT MOTION</u>

*OF COUNSEL*:

Matthew H. Kirtland
NORTON ROSE FULBRIGHT US LLP
799 9th Street NW, Suite 1000
Washington, DC 20001
Tel: (202) 662-0200
matthew.kirtland@nortonrosefulbright.com

Katherine G. Connolly
NORTON ROSE FULBRIGHT US LLP
555 California Street, Suite 3300
San Francisco, CA 94104
Tel: (628) 231-6816
katie.connolly@nortonrosefulbright.com

Dated: November 28, 2022

Matthew P. Ward (Del. Bar No. 4471)
Nicholas T. Verna (Del. Bar No. 6082)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Tel: (302) 252-4320
Matthew.Ward@wbd-us.com
Nick.Verna@wbd-us.com

*Attorneys for Plaintiff Gold Reserve Inc.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. ii
ARGUMENT ........................................................................................................................................ 1
    A.    A Stay Will Create Less Efficient Proceedings, Not More ............................................... 3
    B.    Gold Reserve Should Not Be Placed at a Disadvantage Relative to Venezuela's Other Creditors ........................................................................................................................ 4
CONCLUSION ..................................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

*C.R. Bard, Inc. v. AngioDynamics, Inc.*,
  C.A. No. 15-218-JFB-SRF, 2022 WL 606339 (D. Del. Mar. 1, 2022) *adopted sub nom. C R Bard Inc. v. Angiodynamics, Inc*., No. CV 15-218-JFB-SRF, 2022 WL 1101799 (D. Del. Apr. 13, 2022) ................................................................................................................... 2

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
  No. 17-mc-151-LPS, 2021 WL 129803, D.I. 234 (D. Del. Jan. 14, 2021) .............................. 3, 4

*In re Cmty. Health Sys., Inc. Stockholder Derivative Litig.*,
  C.A. No. 19-1506-LPS (Consolidated), 2021 WL 4476954 (D. Del. Sept. 30, 2021) ............... 2

Plaintiff and Venezuela Judgment Creditor Gold Reserve Inc. ("Plaintiff" or "Gold Reserve") respectfully submits this opposition to Petróleos de Venezuela S.A.'s ("PDVSA") motion to stay briefing ("Motion to Stay") (D.I. 10) on Gold Reserve's Motion for Conditional Writ of Attachment *Fieri Facias* ("Motion for Attachment") (D.I. 2).

## ARGUMENT

The Motion to Stay has no legal or factual merit and thus should be denied. PDVSA cites no authority to support the Motion to Stay. Its sole basis is the following assertion: "in light of the Court's expressed inclination to resume consideration of the Previously-Filed Motions, and in light of the fact that [Gold Reserve's] Attachment Motion relies upon the same allegations made in those motions, it would be more efficient for the Court to first resolve the Previously-Filed Motions prior to requiring further briefing on the same issues in the instant case." (D.I. 10 at 8).[1] Not only is this assertion incorrect, staying briefing on Gold Reserve's Motion for Attachment would actually be significantly *less* efficient, as well as prejudice Gold Reserve.

Gold Reserve's Motion for Attachment requests a ruling that, in the event the other similarly situated judgment creditors' motions for a conditional writ of attachment of the PDVH shares are granted, then Gold Reserve's motion should also be granted. In support of this request, as PDVSA recognizes, Gold Reserve "incorporates and relies upon the evidence and arguments made by each of the Venezuelan Judgment Creditors." (D.I. 10 at 7). Gold Reserve is not aware of any legitimate basis for PDVSA to oppose this request – which simply would put Gold Reserve in the same position as other similarly situated judgment creditors of Venezuela – and certainly no such basis is suggested by PDVSA in its Motion to Stay. However, if PDVSA does believe that it

---

[1] The substantial majority of PDVSA's present filing consists of its request to intervene in the case, to which Gold Reserve consented. PDVSA's request to stay covers only pp. 7-8 of its filing, of which the argument consists of the above-cited sentence.

has some valid basis to oppose Gold Reserve's request then that issue needs to be briefed now, in response to Gold Reserve's Motion for Attachment, on schedule set forth in the Local Rules. Alternatively, if PDVSA intends to oppose Gold Reserve's Motion for Attachment by simply incorporating by reference its previously-filed oppositions to the motions filed by the other Venezuela judgment creditors then it can easily do so within the prescribed time periods and without the need for stay. For these reasons, there is thus no efficiency gained by delaying PDVSA's opposition to Gold Reserve's Motion for Attachment until after the Previously-Filed Motions are decided.

In exercising its discretion when considering a motion to stay proceedings, this Court typically considers three factors: (i) "whether a stay will simplify the issues for trial"; (ii) "whether discovery is complete and a trial date has been set"; and (iii) "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *In re Cmty. Health Sys., Inc. Stockholder Derivative Litig.*, C.A. No. 19-1506-LPS (Consolidated), 2021 WL 4476954, at *1 (D. Del. Sept. 30, 2021). Here, the second factor is inapplicable and thus does not justify the stay requested by PDVSA. As to the first and third factors, as explained below, a stay would needlessly complicate rather than simplify the proceedings and Gold Reserve would be prejudiced if the stay is granted. As such, PDVSA's motion should be denied. *See, e.g, C.R. Bard, Inc. v. AngioDynamics, Inc.*, C.A. No. 15-218-JFB-SRF, 2022 WL 606339, at *4 (D. Del. Mar. 1, 2022), *adopted sub nom. C R Bard Inc. v. Angiodynamics, Inc.*, No. CV 15-218-JFB-SRF, 2022 WL 1101799 (D. Del. Apr. 13, 2022) (denying motion to stay pending decision in Federal Circuit appeal because decision would not actually resolve the issue of the eligibility of the patents at issue, and thus the issues in the case would not be simplified and no pre-trial burden eased).

These factors weigh against granting the Motion to Stay. *First*, this Court has ruled that the "pertinent time" for an alter ego determination is "the period between the filing of the motion

seeking a writ of attachment and the subsequent issuance and service of that writ." *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 17-mc-151-LPS, 2021 WL 129803, at *6, D.I. 234 (D. Del. Jan. 14, 2021). Waiting to brief the Motion for Attachment will prolong this period. This entirely unnecessary delay would thus put an additional burden on the Court, as well on Gold Reserve, which can be entirely avoided by briefing the motion now. *Second*, Gold Reserve has filed its motion in order to place itself in the same position as the other Venezuela judgment creditors.

### A. A Stay Will Create Less Efficient Proceedings, Not More

The only justification PDVSA provides for a stay is the assertion that "it would be more efficient for the Court to first resolve the Previously-Filed Motions prior to requiring further briefing on the same issues in the instant case." (D.I. 10 at 8). In fact, the opposite is true. Gold Reserve's Motion for Attachment presents a single, limited proposition: in the event the other judgment creditors' motions are granted, then Gold Reserve's Motion should also be granted because (1) alter ego will have been established during the relevant time and (2) all other elements necessary for grant of the writ will also have been established. (*See* D.I. 4 at 2). This specific request for relief, and the supporting argument, is not one that has been briefed or otherwise ruled on.

Gold Reserve is not aware of any valid basis for PDVSA to oppose this request for relief but, if PDVSA does not intend to present an opposition, it is required to state it now. Otherwise, the delay will not only prejudice Gold Reserve, it will create additional, unnecessary burden on the Court. This Court has ruled that the "pertinent time" for an alter ego determination is "the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ." *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 2021 WL 129803, D.I. 234 (D. Del. Jan. 14, 2021). If briefing were delayed until after a ruling on the Previously-

3

Filed Motions, then a decision could be months or even years in the future and would potentially have significant knock-on effects – the Parties may have to brief any changes in the status quo between the Court's decision on the Previously-Filed Motions and the eventual consideration of Gold Reserve's Motion. This entirely unnecessary delay would thus put an additional burden on the Court, as well on Gold Reserve, which can be entirely avoided by requiring PDVSA to state, at present, any opposition it has to Gold Reserve's Motion for Attachment.

### B. Gold Reserve Should Not Be Placed at a Disadvantage Relative to Venezuela's Other Creditors

Waiting to start briefing on Gold Reserve's Motion for Attachment until after rulings on the Previously-Filed Motions, would put Gold Reserve behind the other judgment creditors. There are four other creditors of Venezuela that have filed similar motions to attach the PDVH shares: OI European Group BV, Huntington Ingalls Incorporated, Rusoro Mining Limited and ACL1 Investments Ltd.

Under the stay proposed by PDVSA, Gold Reserve would need to wait until after the other judgment creditors have potentially received their conditional writs in order to even begin briefing its Motion for Attachment – a situation which would delay Gold Reserve joining the other judgment creditors and, potentially, the Sales Process. PDVSA seeks to preclude Gold Reserve from obtaining the same relief that this Court has already granted, or may grant to other creditors, prejudicing Gold Reserve, and it does so while failing to articulate any valid reason.

### CONCLUSION

For the reasons set forth above, Gold Reserve respectfully requests that this Court deny PDVSA's Motion to Stay and order PDVSA to file any opposition it has to Gold Reserve's Motion for Attachment by a date certain, which Gold Reserve proposes should be seven (7) days after the

4

Court's order given that, as of the date of this filing, PDVSA has now had Gold Reserve's motion for at least 34 days.[2]

| | |
|---|---|
| *OF COUNSEL*: | Respectfully submitted, |
| Matthew H. Kirtland<br>(admitted *pro hac vice*)<br>NORTON ROSE FULBRIGHT US LLP<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001<br>Tel: (202) 662-0200<br>matthew.kirtland@nortonrosefulbright.com<br><br>Katherine G. Connolly<br>(admitted *pro hac vice)*<br>NORTON ROSE FULBRIGHT US LLP<br>555 California Street, Suite 3300<br>San Francisco, CA 94104<br>Tel: (628) 231-6816<br>katie.connolly@nortonrosefulbright.com | */s/ Matthew P. Ward*<br>Matthew P. Ward (Del. Bar No. 4471)<br>Nicholas T. Verna (Del. Bar No. 6082)<br>WOMBLE BOND DICKINSON (US) LLP<br>1313 North Market Street, Suite 1200<br>Wilmington, DE 19801<br>Tel: (302) 252-4320<br>Matthew.Ward@wbd-us.com<br>Nick.Verna@wbd-us.com<br><br>*Attorneys for Plaintiff Gold Reserve Inc.* |

Dated: November 28, 2022

---

[2] Counsel for PDVSA first contacted the undersigned counsel to acknowledge receipt of the Motion for Attachment on November 9, 2021.