IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOLD RESERVE INC., | : | |
| Plaintiff, | : | |
| v. | : | Misc. No.: 22-mc-00453-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : | |
| Defendant. | : | |

**PETRÓLEOS DE VENEZUELA, S.A.'S REPLY IN SUPPORT
OF ITS MOTION TO STAY BRIEFING ON PLAINTIFF'S ATTACHMENT MOTION**

PDVSA respectfully submits this reply in support of its motion to stay briefing [D.I. 10] on Plaintiff's Attachment Motion [D.I. 2].[1]

Gold Reserve's response confirms that briefing should be stayed in this case pending resolution of the Previously-Filed Motions. Gold Reserve relies on *In re Community Health Systems Stockholder Derivative Litigation*, No. 19-1506-LPS, 2021 U.S. Dist. LEXIS 188082 (D. Del. Sep. 30, 2021), which granted a pre-trial stay pending a decision in a separate case in light of three considerations: (i) simplification of issues, (ii) stage of the proceedings, and (iii) prejudice to the plaintiff. To the extent those factors apply, they all weigh in favor of granting the stay here as well.

Gold Reserve does not deny the substantial overlap between the Attachment Motion and the Previously-Filed Motions. Instead, it argues that PDVSA should have to articulate now why Gold Reserve is not entitled to the same relief as the plaintiffs in the other cases. But that is a question that is more efficiently answered once the Court decides the Previously-Filed Motions.

---

[1] Unless otherwise indicated, all capitalized terms herein are defined as they were in PDVSA's motion to stay.

As was the case in *In re Community Health*, a "stay will likely simplify the issues in this case" because the Court (and the parties) will "undoubtedly benefit from [the Court's] analysis" of the Previously-Filed Motion in assessing the "issues that may remain in this case." *Id*. at *4. Simply put, the decision of the Court on the Previously-Filed Motions will serve as a guidepost in these and subsequent proceedings.

More importantly, contrary to Gold Reserve's argument, Gold Reserve is not prejudiced by a stay at this time. Gold Reserve does not dispute that, in the absence of an OFAC license, no attachments of the PDVH shares can be issued or served. And neither Gold Reserve nor any of the other creditors has an OFAC license. Gold Reserve's concern about being disadvantaged in terms of priority is thus misplaced, as no party can have priority without an actual attachment, which cannot occur without an OFAC license. A stay of briefing simply preserves the status quo and keeps Gold Reserve in the same place in line as it otherwise would be, unless and until it is granted an OFAC license.

## CONCLUSION

For the reasons set forth above, the Court should grant PDVSA's motion to stay briefing on the Attachment Motion.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Samuel T. Hirzel, II*
Samuel T. Hirzel, II (# 4415)
shirzel@hegh.law
Aaron M. Nelson (# 5941)
anelson@hegh.law
Jamie L. Brown (# 5551)
jbrown@hegh.law
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300

*Attorneys for Intervenor Petróleos de Venezuela, S.A.*

3

OF COUNSEL:

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Joseph D. Pizzurro
jpizzurro@curtis.com
Kevin A. Meehan
kmeehan@curtis.com
Juan O. Perla
jperla@curtis.com
101 Park Avenue
New York, NY 10178
(212) 696-6000

Dated:  December 5, 2022