IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOLD RESERVE INC., | : | |
| Plaintiff, | : | |
| v. | : | Misc. No. 22-453-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court is the motion of Petróleos de Venezuela, S.A. ("PDVSA") to intervene and to stay briefing on Gold Reserve's Motion for Conditional Writ of Attachment *Fieri Facias*. (D.I. 10)  The Court has received and reviewed the motion (D.I. 10) and the briefing filed in connection with it (D.I. 12, 13).  Having done so, and for the reasons stated below, PDVSA's motion to intervene, which is unopposed, is **GRANTED**, and the motion to stay briefing on Gold Reserve's motion is **DENIED**.

1.  PDVSA seeks intervention pursuant to Federal Rule of Civil Procedure 24, contending it is entitled to intervention as of right (Fed. R. Civ. P. 24(a)(2)) and should also be granted permissive intervention (Fed. R. Civ. P. 24(b)(1)(B)).  (*See* D.I. 10 at 3-7)  Gold Reserve consents to this intervention.  (*See* D.I. 12 at 1 n.1)  PDVSA's motion to intervene is, therefore, granted.

2.  PDVSA also asks the Court to stay briefing on Gold Reserve's Attachment Motion (D.I. 2) pending the resolution of attachment motions filed in related actions by similarly-situated judgment creditors (OIEG (Misc. No. 19-290), ACL (Misc. No. 21-46),

Rusoro (Misc. No. 21-481), and Huntington Ingalls (Misc. No. 20-257)).  (*See, e.g.*, D.I. 10 at 7-8)

3.  The Court has considerable discretion in deciding a stay motion.  *See, e.g.*, *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).  In exercising that discretion, the Court typically considers three factors: (i) "whether a stay will simplify the issues for trial"; (ii) "whether discovery is complete and a trial date has been set"; and (iii) "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *UCB, Inc. v. Hetero USA Inc.*, 277 F. Supp. 3d 687, 690 (D. Del. 2017) (citing *Landis*, 299 U.S. at 254-55).  The Court may also consider other factors, including "whether the moving party would face hardship or inequity in going forward with the litigation." *Id*.  Ultimately, the Court should try to weigh all competing interests and "maintain an even balance." *Landis*, 299 U.S. at 254-55.

a.  Staying briefing on Gold Reserve's motion will not simplify the issues, but complicate them, which counsels that the motion should be denied.  Gold Reserve's motion presents similar, if not identical, issues as those pending before the Court in the other cases with attachment motions.  It will simplify the instant case (as well as the Court's handling of all related cases) to consider these issues together rather than piecemeal.  Staying the motion, on the other hand, would complicate the resolution of the case, as the pertinent-time analysis[1] will grow to encompass a larger window of time, requiring the Court to make potentially new or different factual findings.

---

[1] This Court has held that the pertinent time for the alter-ego analysis is "the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2021 WL 129803, at *6 (D. Del. Jan. 14, 2021).

  b. The stage of this case is either neutral or weighs against staying briefing.  Gold Reserve calls this factor "inapplicable" (D.I. 12 at 2) while PDVSA makes no specific argument regarding it (*see* D.I. 13 at 1).  There is certainly nothing about the stage of the case that recommends staying briefing at this time.

  c. The risk of prejudice to Gold Reserve weighs against the requested stay.  As Gold Reserve explains, delaying resolution of its attachment motion might "delay Gold Reserve joining the other judgment creditors and, potentially, the Sales Process." (D.I. 12 at 4)  There is no reason for Gold Reserve to bear that risk at this time.

  d. Finally, there is no reason to believe that PDVSA will face hardship or inequity in going forward with the litigation, especially considering that it is already appearing in parallel proceedings regarding the resolution of OIEG's, ACL's, Rusoro's, and Huntington Ingalls' attachment motions.

  4. Given the Court's assessment of the relevant factors, the Court will deny PDVSA's motion to stay briefing.

  **IT IS FURTHER ORDERED** that the parties shall meet and confer and, no later than January 13, 2023, submit (i) a proposed order the Court may sign to effectuate PDVSA's intervention as a party and to establish a process for completing briefing and submission of proposed findings of fact with respect to Gold Reserve's pending motion; and (ii) a joint status report with the parties' positions on whether there has been any material change to any fact

relevant to the factual determination(s) the Court must make with respect to the pending alter-ego issues since April 2021 and, if there has been, whether (and if so, what) evidentiary proceedings either party requests.

January 11, 2023  
Wilmington, Delaware

_____  
HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT